IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CHARLES POST,

        Plaintiff,

v.

        Case No.:

EAST COAST METAL
STRUCTURES CORP. a Florida
For-Profit Corporation,

        Defendant.
_____/

## COMPLAINT FOR DEMAND FOR TRIAL BY JURY

**COMES NOW**, Plaintiff, Charles Post (hereafter "Plaintiff" or "Mr. Post"), by and through the undersigned counsel, and files this Complaint for damages including demand for trial by jury, against Defendant, East Coast Metal Structures Corp., a Florida for-profit corporation (hereafter "Defendant" or "East Coast Metal"), and respectfully shows this Court as follows:

### NATURE OF COMPLAINT

1. Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This lawsuit is brought under the Fair Labor Standards Act (hereinafter referred to as the "FLSA") seeking to recover damages and equitable relief including overtime compensation owed to the Plaintiff.

## JURISDICTION VENUE AND THE PARTIES

3.  The FLSA authorizes court actions by private parties to recover damages of the FLSA's wage and hour provisions.

4.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.  Plaintiff, Charles Post, is an individual residing in Broward County, Florida.

6.  Defendant is a for profit corporation located in Palm Beach County, Florida.

7.  Venue is proper in the Southern District of Florida because Defendant, East Coast Metal, provides services in this District and is thus considered a resident of this District. Additionally, all of or a substantial portion of the acts that form the basis of this action took place in this District.

## FACTUAL ALLEGATIONS

8.  Plaintiff was an employee of the Defendant until he was let go from his position on October 30, 2020.

9.  On or about October 14, 2019, Plaintiff was removed as an officer of East Coast Metal and was classified as a non-exempt 1099 independent contractor.

10. Plaintiff remained to be classified as an independent contractor until April of 2020 when he was made a non-exempt hourly employee.

11. Plaintiff was employed as a non-exempt employee and was paid an hourly rate for the time he worked from April 20, 2020 through June 28, 2020 and again from September 7, 2020 through October 30, 2020.

12. Plaintiff's job duties and day-to-day activities with the company were the same as when he was classified as an independent contractor.

13. During the time frame in which Plaintiff was classified as an independent contractor the Defendant exercised total control over his employment.

14. Plaintiff was required to report for work daily at Defendant's office.

15. Plaintiff had no authority hire, fire or act in an executive or managerial role.

16. During the period after Plaintiff was removed as an officer of the Company, he lacked any authority whatsoever to direct or control a specific department and he had no authority to make binding business decisions on behalf of the Defendant.

17. Defendant controlled all aspects of Plaintiff's job duties including but not limited to attendance requirements, sales requirements and all other internal procedures that Defendant had established for all other employees.

18. During the time frame in which Plaintiff was misclassified as an independent contractor, Plaintiff was paid a flat amount of $1,200 per week.

19. Plaintiff routinely worked more than forty (40) hours in a given work week, both as a misclassified independent contractor and as a non-exempt employee (hereby known as the "relevant liability period"), and the Defendant failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) in a given work week.

20. Defendant, East Coast Metal, is a covered employer under the FLSA.

21. Plaintiff was a covered employee within the meaning of the FLSA during the relevant liability period.

22. Plaintiff was paid an hourly rate between $27.50 and $30.00 an hour during the relevant liability period, including the period of April 20, 2020 through June 28, 2020 and again from September 7, 2020 through October 30, 2020.

23. Plaintiff was never paid for more than forty (40) hours per week regardless of how many hours he worked.

24. Plaintiff is in possession of his Earning Statements from the payroll processing company, ADP, which demonstrated his rate of pay and hours of pay per work week. Attached as Exhibit A.

25. Defendant knew that Plaintiff was performing work in excess of forty (40) hours per week and have chosen to deny him overtime compensation for performing this work in willful disregard of his rights under the FLSA.

26. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

27. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I – Violation of the Fair Labor Standards Act

28. Plaintiff hereby re-alleges and re-incorporates paragraphs 1 through 27 as if fully alleged herein.

29. During the FLSA relevant liability period, Defendant failed to properly compensate the Plaintiff by failing to pay him overtime for all hours worked in excess of forty (40) hours in a given work week.

30. Defendant's actions were willful.

31. Plaintiff seeks unpaid overtime compensation amounts to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorney's fees and costs pursuant to 20 U.S.C. § 216(b) and 29 U.S.C. §§ 201 et seq.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment as follows:

a. Find that Defendant's violations of the FLSA were willful and impose a three (3) year statute of limitations period for FLSA claims;

b. Award Plaintiff unpaid overtime;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff post-judgment interest;

e. Award Plaintiff attorney's fees and costs; and

f. Award Plaintiff any other relief this Court deems just and appropriate.

Respectfully submitted this 9th day of December, 2020.

_____
Erik De L'Etoile, Esq.
Attorney for Plaintiff
Florida Bar No. 71675
Reifkind, Thompson & Rudzinski, LLP
707 N. Franklin St.
8th Floor
Tampa, FL. 33602
(813) 370-0229
EDeletoile@rtrlaw.com
www.rtrlaw.com